## G. W. PUCKETT *v.* SYLVANUS STOKES.

PARTNERSHIP. *Liability of firm upon note signed by one of its members.* Where only one member of a firm signs his individual. name to a note, the firm will be bound thereby if they, as partners, made the contract, and the credit was given to them as such.

---

FROM DEKALB.

---

Appeal from the Chancery Court. B. M. TILLMAN, Chancellor.

CLARKE, CROWLEY & SMALLMAN for Puckett.

J. J. FORD for Stokes.

DEADERICK, J., delivered the opinion of the Court.

Puckett filed his bill in the Chancery Court of DeKalb County, to hold defendant liable on two notes, one for $25, and the other for $275, executed by W. Stokes, his partner; the first note for money loaned, and the second for two horses sold them. The notes are exhibited with the bill, and are signed by W. Stokes only. The bill alleges that they both represented to him that they were partners, before and after the loan and sale aforesaid, and that he loaned the money and sold the horses upon the faith of this representation and upon the credit of both.

The answer admits the partnership, but relies on the defence that the notes were executed by W. Stokes individually, and the credit was given to him alone.

The testimony of Puckett and others shows that defendant repeatedly acknowledged his liability on the note for the horses, and promised to pay for them. Stokes admits that he made such promises but insists that they were made under the impression that his brother, W. Stokes, had signed his name to the note, which he was authorized to do.

When the individual note of partners is taken for a purchase or debt of the firm, the presumption is that the vendor or creditor elected to look to such individual for his pay. But if the sale is made to the firm and on the credit of the firm, then it will be treated as a firm debt. There was no particular style or firm name under which the Stokes brothers traded. They could bind themselves if the credit was really given to and accepted by them.

One at least of the two horses was taken off in the drove by the brothers. And while it does not necessarily follow that the partnership is liable, if it got the benefit of the purchase; yet, if they, as partners, made the contract, and the credit was given to them as partners, they are both liable. Such, we think, are the facts in the case as to the $275 note. The Chancellor so held, and we affirm his decree.